## Stevens v. Howard.

## Same v. Same.

(Decided June 16, 1925.)

## Appeals from Bell Circuit Court.

1. Appeal and Error—Supreme Court Without Jurisdiction of an Appeal from Judgment Dismissing Action on Note, where Amount Due was Less Than $200.00.—Supreme court was without jurisdiction of an appeal from judgment dismissing an action on a note, where admitted credits had reduced amount due thereon to less than $200.00.

2. Judgment—Failure of Plaintiff, when Sued by Vendor, to Set up Claim Against One Assuming Indebtedness Held Not to Bar Subsequent Action.—Failure of plaintiff, when sued for price of case of jewelry, to assert his claim against defendant, to whom jewelry had been resold and who had agreed to pay plaintiff's vendor therefor, and was made garnishee, held not to preclude a subsequent suit against defendants for amount plaintiff was compelled to pay, as claim would have been no defense to former action.

N. J. WELLER for appellants.

J. M. GILBERT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Dismissing first appeal and reversing second appeal.

In the spring of 1921 J. G. Stevens and wife owned a store at Cardinal, in Bell county, which they sold by bulk sale to J. G. Howard. They invoiced the stock and on the completion of the invoice on May 3, 1921, Howard executed to them, with sureties, a note for $1,299.47, due in sixty days. Stevens had bought from J. M. Gilliam & Company a case of jewelry amounting to $203.21. This was not included in the invoice or in the note for the reason that the payments on it were to be made monthly. Howard took the jewelry and agreed to pay for it. To evidence this agreement he delivered to Stevens the following writing, written by him: "J. G. Howard is to pay for the show case and jewelry." Later some differences arose between the parties and Howard did not pay the note or pay Gilliam & Company. Gilliam & Company brought suit against Stevens for the amount of their bill and in that suit took out an attachment, which was served upon Howard garnisheeing in his hands the amount due by him to Stevens. Stevens filed

no answer in that case. Howard filed an answer as garnishee and a judgment was entered in favor of plaintiff for his debt with interest and cost and adjudging Howard, as garnishee, to pay the money into court. This he did, amounting to $231.53. He had previously paid on the note $150.00. Stevens had to raise some money and he borrowed $800.00 from the Bell National Bank, giving a surety on the note and depositing as collateral the $1,299.47 note, which Howard had executed to him. He failed to pay the bank; the bank filed suit upon the note and to obtain a sale of the collateral. Judgment was entered by default. A sale of the collateral was ordered to pay the debt. The sale was made by the commissioner of the court and at the sale Howard bought the note for the amount of the debt, interest and cost, amounting to $871.35. The sale was reported to the court and confirmed and the note was delivered to Howard. After all this was done Stevens brought the first of these suits against Howard and his sureties to recover upon the note. Howard filed an answer to the petition setting up the above facts and on final hearing the circuit court dismissed the petition. Stevens and wife appeal.

The admitted credits reduced the amount due on the note to less than $200.00. Under the statute this court has no jurisdiction of such an action where the amount in controversy is less than $200.00. The admitted credits amounted to about $1,250.00. A motion for an appeal in this case is therefore denied and the appeal is dismissed for want of jurisdiction.

The second of the above actions was brought by Stevens and wife against Howard to recover $203.00 with interest, the amount of the jewelry claim above referred to which Howard had agreed to pay and did not pay and Stevens had been compelled to pay under the attachment proceedings above referred to. The circuit court dismissed the action on the ground that this was a matter that should have been litigated in the suit in which the judgment was rendered in favor of Gilliam & Company for the debt.

But this matter, if set up by Stevens in that suit, would have been no defense to the claim of Gilliam & Company, for Stevens had bought the jewelry from Gilliam & Company and agreed to pay them for it. They were strangers to the contract between Stevens and Howard. They had not agreed to look to Howard and

had a right to look to Stevens for their money. Howard was not a party to that action. He was only before the court as a garnishee. Stevens, when that action was brought, had not paid Gilliam & Company. He was not compelled in that action to file a cross-petition against Howard setting up this matter, for this would have been no defense to Gilliam's claim and he could have alleged no facts giving him a right to a personal judgment against Howard. The rule in such cases is thus well stated in a note to Seager v. Foster, 8 A. L. R., p. 695:

"The general rule is that a defendant, having a claim available by way of set-off, counterclaim, or cross-petition, has an election so to plead it, or to reserve it for a future independent action, and a prior action in which a claim might have been asserted as a set-off, counterclaim or cross-petition is no bar to a subsequent independent action thereon."

On page 696, 8 A. L. R., many Kentucky cases are collected fully sustaining the rule. To the same effect see 15 R. C. L. 972; 34 C. J. 867. It follows that the circuit court erred in sustaining the plea of former judgment in the second action and dismissing it. The judgment in the second case is reversed for further proceedings consistent herewith.